IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GREAT AMERICAN ASSURANCE CO.,** | )<br>)<br>) |
| Plaintiff, | )    Case No. CIV-25-58-JFH-GLJ<br>) |
| v. | )<br>) |
| **SOONER EMERGENCY SERVICES, INC.**, *et al.*, | )<br>)<br>)<br>) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Great American Assurance Co. brings this action against Defendants Sooner Emergency Services, Inc. ("SES"), Clayton L. Beddingfield, ASVV Corp., Alpha Logistics Group, Inc., William Charles Allen, Scottlyn USA Division, Inc., Star Mutual Risk Retention Group, and TT Club Mutual Insurance Limited under the Declaratory Judgment Act, 28 U.S.C. § 2201. On July 2, 2025, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 58]. Before the Court now is Defendant Sooner Emergency Services, Inc.'s [Docket No. 55] Motion to Dismiss and Brief in Support. For the reasons set forth below the undersigned Magistrate Judge finds and recommends that the motion be DENIED.

**PROCEDURAL HISTORY AND BACKGROUND**

Defendant SES provides clean up services for car accident sites that occur on highways. In September 2022, Defendant Allen, an employee of ASVV, operated a tractor-

truck and flatbed trailer and struck a firetruck that was responding to a separate accident. Docket No. 33-2, at ¶10. The fire truck was forced into the center median and spilled cellulous installation which subsequently caught fire requiring SES to provide environmental removal and clean up services. *Id.* at ¶¶ 13-14. SES sent invoices for the cleanup services to the above defendants which were not paid. *Id.* at ¶¶ 15-18. Defendant Beddingfield was the owner of the truck and trailer involved in the accident and had leased both to Defendant ASVV. Docket No. 33-2, at ¶ 10. At the time of the accident Beddingfield held a "Non-trucking liability and physical damage" insurance policy issued through Plaintiff that provided liability coverage up to $1,000,000 for bodily injury and property damage involving the truck. Docket No. 33, at ¶¶ 20-21.

On March 15, 2023, Defendant SES filed a petition in the District Court of Muskogee County, Oklahoma, Case no. SJ-2023-76 ("State Action") against ASVV Corp, Clayton Beddingfield, Hi-Tech Asphalt Solutions, Scottlynn USA, Sentry Select Insurance Co., Star Mutual, and Great American Assurance Co., seeking to collect $50,876.40 plus interest for defendants' failure to pay for SES's cleanup and environmental services. Docket No. 33, at ¶ 25; Docket No. 34-2. SES's claims against Plaintiff were dismissed without prejudice on August 3, 2023. Docket No. 34-1.  On September 12, 2024, SES filed a Fourth Amended Petition against, *inter alia*, Clayton Beddingfield and William Charles Allen seeking to collect $50,876.40. Docket No. 33-2. "In support of its damages, [SES's] Fourth Amended Petition incorporates and attaches a statement, dated 05/03/023, for $51,276.40 with a 1.5% per month late charge[,] and identifies various invoices." Docket

No. 33, at ¶ 27. Defendant Beddingfield submitted a claim under his policy with Plaintiff requesting defense and indemnity coverage related to the State Action. *Id.* at ¶ 31.

Plaintiff subsequently brought this action on March 5, 2025, alleging three causes of action for declaratory judgment, all of which request a declaration that the damages SES seeks in the State Action are not covered by Beddingfield's insurance policy. Docket No. 2, at ¶¶ 32-48. Plaintiff filed an Amended Complaint on April 28, 2025, reiterating the same causes of action. Docket No. 33. Defendant SES moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction.

## LEGAL STANDARD

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). These motions can raise a facial attack, which "questions the sufficiency of the complaint," or a factual attack which "challenges the facts upon which subject matter jurisdiction depends." *Id.* at 1002-1003. In the case of a facial attack, courts are to accept the allegations of the complaint as true. *Id.* at 1003. But, where a factual attack is presented, courts have discretion to consider evidence outside of the pleadings. *Id.* Here, Defendant SES appears to make a facial attack, as it asserts that the allegations in the Amended Complaint fail to establish the amount in controversy exceeds $75,000.

District courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different States. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction "must show that complete diversity of citizenship exists between the parties and that the

amount in controversy exceeds $75,000." *Radil v. Sanborn West. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "In other words, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1988) (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (alterations in original).

## ANALYSIS

Defendant SES moves to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) arguing (i) the Court lacks subject matter jurisdiction because the allegations of the Amended Complaint establish the amount in controversy does not exceed $75,000, and (ii) even if the Court has jurisdiction, it should, in its discretion, decline to exercise it. The undersigned Magistrate Judge finds both contentions unpersuasive and recommends the motion to dismiss be denied.

### I. Amount in Controversy

The amount in controversy of a declaratory judgment action "is measured by the value of the object of the litigation." *City of Moore, Okla. v. Atchison, Topeka, & Sante Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333 (1977)). The "object of the litigation" can "refer to either the federal action or the underlying state action, if there is one. . . . [I]n a state court case, the amount at issue depends upon an insurance company's contractual obligations to its insured under

a policy." *Farmers Ins. Co. of Ariz. v. Rodriguez*, 2015 WL 12781604, at *3 (D.N.M. June 29, 2015); *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) ("The Tenth circuit has followed what has commonly been referred to as the 'either viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum."). Generally, the amount in controversy must meet the $75,000 threshold "exclusive of interest and costs."

As attached to Plaintiff's Amended Complaint in this case, the Fourth Amended Petition in the State Action reveals SES requests an award of $50,876.40. Docket No 33-2, at p. 4. In support of this number, SES attached invoices and a statement indicating it was owed a total of $51,276.40 in addition to a 1.5% per month late charge. The statement reveals that as of 05/03/2023, $400.00 of the $51,276.40 was past due by 1-30 days and the remaining $50,876.40 was past due by over 90 days. Docket No. 33-2, at p. 5. According to Plaintiff's calculations, "[a]ssuming the late charge does not compound monthly, the total late charge [on $51,276.40] from 10/15/2022 to 04/15/2025 is $23,439.83. Thus, bringing the total amount in controversy, exclusive of defense costs and SES's requested attorney's fees, to $74,316.22." Docket No. 34, at p. 6.

*Late Fees.* SES challenges the inclusion of the late fees in the amount in controversy assessment for two reasons. First, SES maintains that late charges qualify as "interest," which is not to be included in the calculation of the jurisdictional amount. Presuming the late charges do qualify as interest, they are nonetheless appropriately considered in the amount in controversy in this case. Generally, the amount in controversy must be met

-5-

without considering "interest and costs." 28 U.S.C. § 1332. However, Section 1332 "obviously refers to interest or costs which might be awarded in connection with the federal diversity proceedings." *Farmers Ins. Co., Inc. v. McClain*, 603 F.2d 821, 822 (10th Cir. 1989). Where there is an underlying state court action, all "costs incurred, or incurrable, in said state proceedings may be considered as a part of the amount in controversy in a federal proceeding." *Id.* The focus is on Plaintiff's total obligation in defending the underlying claim against its assured. *Id.* ("Farmers is also obligated to pay, inter alia, all expenses incurred in defending the claim against its insured and all costs which may be assessed against its insured. . . . Clearly, the additional obligations of Farmers under its policy of insurance cause the amount in controversy in this proceeding to exceed $10,000."); *Farmers Ins. Co. of Ariz.*, 2015 WL 1781604, at *2 ("Therefore in a state court case, it is permissible to include costs when calculating the amount-in-controversy to establish federal diversity jurisdiction.") (citing 12 James Wm. Moore et al., Moore's Federal Practice § 57.21[3][b][ii] (3d ed. 2015)). This action involves an underlying state claim which places at issue the late charges that Plaintiff would be obligated to pay vis-à-vis its insurance policy with Defendant Beddingfield. Accordingly, the undersigned Magistrate Judge finds the amount in controversy properly includes the late charges.

SES next argues to the extent late charges can be included in the calculation of the amount in controversy, "Plaintiff's unilateral calculation of 'late charges' to a point almost 45 days after filing its original Complaint . . . to show the amount in controversy will eventually be satisfied is not sufficient to retroactively grant this Court subject matter jurisdiction[.]" It is well-established that the requirements for diversity jurisdiction must

be satisfied at the time of filing. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (internal quotations and citations omitted). Despite this, the Tenth Circuit has indicated that costs *incurrable* are appropriately considered in the amount in controversy. *See McClain*, 603 F.2d at 823.

Regardless, adjusting Plaintiff's calculations back to the date of filing only nominally reduces Plaintiff's calculated amount in controversy because removing two months of late charges results in an amount in controversy of approximately $72,336.83.[1] When accounting for the cost of defense, as discussed below, the undersigned Magistrate Judge finds the jurisdictional threshold is met.

*Defense Costs.*  Defendant SES also urges the Court not to consider Plaintiff's cost of defending the State Action in the amount in controversy. In support of this, SES cites to *Viking Ins. Co of Wisconsin v. Morris*, 2010 WL 1644578, at *4 (D. Colo. Apr. 22, 2010) in which the District of Colorado declined to include hypothetical defense costs when evaluating the amount in controversy. Docket No 55, at pp. 7-8.  In reaching its decision the *Viking* court reasoned, "[t]he costs considered in *McClain*, however, were ones to be incurred in a pending state action, not a federal one. Here, Viking frames its argument in terms of this action, in federal court; there is no pending state action. . . . Moreover, the

---

[1] Two months of interest on $51,276.40, at 1.5% interest per month, is approximately $1538.29. Plaintiff calculated the interest, as of 4/15/2025, to be $23,439.83. However, the undersigned Magistrate Judge calculates the interest through this time period to be $22,598.69 Thus, as of 2/15/2025, a total $21,060.43 in interest had accrued on the outstanding invoices. Adding this number to the outstanding balance of $51,276.40 results in a total of $72,336.83.

*McClain* Plaintiff needed only a trivial amount-one dollar-to satisfy the requisite amount in controversy . . . Viking needs over $25,000[.]" *Id.* at *4, n.9.

This case is analogous to *McClain* and distinguishable from *Viking* as there is an underlying state action and, although Plaintiff needs more than one dollar to satisfy the requisite amount in controversy, it is reasonable to assume Plaintiff's cost of defending the State Action would exceed $2,663.17.[2] *See Progressive Northwestern Ins. Co. v. Weis*, 2020 WL 9814208, at *2 (D. Kan. Nov. 16, 2020) ("[T]he amount in controversy is not limited to the value of Duckett's claims. It also includes the costs Plaintiff would incur in representing its insured in the state-court action. Drawing from its experience, the Court finds that Plaintiff's potential cost of defending the state-court action could reasonably be expected to exceed $15,000."). Thus, the undersigned Magistrate Judge finds that it is not legally certain that Plaintiff's potential defense costs would be less than the remaining $2,663.17 needed to satisfy the jurisdictional threshold.[3] As such, the amount-in-controversy requirement for diversity jurisdiction is satisfied.

*Attorney's Fees.* Lastly, SES maintains that the attorney's fees it seeks in the State Action, should not be considered in assessing the amount in controversy because the insurance policy explicitly excludes liability for attorney's fees. SES points to the "Coverage Extensions" clause, which provides, "[i]n addition to the Limit of Insurance,

---

[2] This number is the difference between $75,000 and the aforementioned $72,336.83.
[3] Defendant SES also asserts that Plaintiff's hypothetical defense costs need not be considered because Plaintiff's insured defaulted in the State Action and would therefore not be seeking defense or indemnification. The undersigned Magistrate Judge finds this argument unpersuasive as the Amended Complaint alleges that Defendant Beddingfield has submitted a claim for defense and indemnity coverage related to the State Action. Docket No. 33, at ¶ 31.

we will pay for the insured . . . All court costs taxes against the insured in any suit we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against an insured." Docket No. 33-1, at p. 14. Plaintiff asserts this exclusion is only applicable once the limit of insurance has been met. Regardless, even if attorney's fees are excluded, because defense costs are appropriately considered in the amount in controversy, it is not legally certain that the amount in controversy is less than $75,000.00. Thus, the undersigned Magistrate Judge finds subject matter jurisdiction exists and the motion to dismiss should be denied in this respect.

II.     *State Farm Fire & Cas. Co. v. Mhoon*, 32 F.3d 979, 983 (10th Cir. 1994).

SES next requests the Court decline to exercise jurisdiction over this matter. "'Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 854 F. Supp. 782, 788 (D. Kan. May 26, 1994) (quoting *Ala. State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945)). When deciding whether to hear a declaratory action, district courts are to weigh the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*, [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). SES argues all five *Mhoon* factors weigh against the exercise of jurisdiction over Plaintiff's declaratory

judgment action. The undersigned Magistrate Judge disagrees and finds that these factors, collectively, weigh in favor of the Court exercising jurisdiction over this action.

As it pertains to the first two factors, SES maintains (i) entertaining this action would not settle the controversy but lead this Court and the state court to address the same factual and legal issues, "i.e. the nature of SES's damages and the liability of the named defendants for those damages under a unique state statute directed at highway remediation,"; and (ii) this action would not clarify the legal relations between "Defendant and Plaintiff," but assist the defaulting defendants in the State Action avoid liability. Docket No. 55, at p. 11. The undersigned Magistrate Judge finds both assertions without merit. Although the damages at issue in the State Action are pertinent in assessing whether diversity jurisdiction exists in this case, this action does not seek to resolve or determine SES's actual damages, nor does it address the liability issues in the underlying action. Instead, this declaratory action would clarify the legal relationship between Plaintiff and Defendant Beddingfield and settle the controversy as to whether Plaintiff has a duty to defend and indemnify Defendant Beddingfield in the State Action under the terms of the insurance policy. *State Farm Fire and Casualty Co v. Telecomm Consultants, Inc.*, 2017 WL 11556315, at *3 (W.D. Okla. Oct. 19, 2017) ("The relevant controversy for purposes of this litigation is the coverage issue raised in State Farm's complaint – whether State Farm is obligated to defend and indemnify Butler in accordance with the terms of the businessowners and umbrella insurance policies. A judicial determination would settle that controversy and clarify the legal relations between State Farm and Butler. Those relations cannot be clarified in the underlying action as State Farm is not and cannot be a party to

it."); Docket No. 33. Thus, the undersigned Magistrate Judge finds the first two factors weigh in favor in exercising jurisdiction.

As for the third and fourth factors, Defendant SES does not offer any evidence of procedural fencing and does not articulate a plausible argument that Plaintiff is engaged in a race to res judicata. Nothing in the record suggests Plaintiff brings this action as a means of procedural fencing or to prevail in a race to res judicata. *See James River Ins. Co. v. Blue Ox Dance Hall, LLC*, 2017 WL 2367052, at *8 (N.D. Okla. May 31, 2017) ("There is no evidence of 'procedural fencing' or a race to the courthouse, because the state court lawsuit . . . concerns separate claims and legal issues from this lawsuit."). Although there may be some similarities between the facts of this action and the State Action, the cases involve separate legal issues. The State Action concerns whether, and to what extent, the state court defendants are liable for the cost of cleanup and environmental services, pursuant to Okla. Stat. tit. 47, § 11-1110(B).[4] Whereas the federal action seeks to resolve contractual issues that will not be addressed in the State Action—whether (i) the damages for cleanup and environmental services are a result of an accident or destruction of tangible property, and (ii) whether the "trucking or business use exclusion" or pollution exclusion, as set forth under the terms of the insurance policy, apply. Likewise, a declaration of insurance

---

[4] Okla. Stat. tit. 47, § 11-1110(B)(1) provides that "[t]he owner or insurer of the owner of the vehicle if the owner's insurance policy provides coverage for such expense, shall be responsible for the cost of removal of . . . injurious substance[s]." Section 11-1110(B)(2) requires "[t]ruck-tractors carrying cargo on the roadways [to] maintain a commercial auto . . . liability insurance policy that covers the costs of cleanup of any substance that is spilled or otherwise deposited on the roadway[.]" Section 11-1110(B)(2) requires truck-tractors carrying cargo to maintain an insurance policy that covers the cleanup of any substance spilled on the roadway. § 11-1110(B)(2).

coverage, or the lack thereof, will not increase the friction between state and federal courts, as the issue of insurance coverage is not at issue in the State Action. As such, the third and fourth factors weigh in favor of retention. *See James River Ins. Co.*, 2017 WL 2367052, at *8 ("The fourth *Mhoon* factor . . . does not favor abstention. James River is not a party to the state court lawsuit and it has a substantial interest in having issues of insurance coverage, particularly as to its due [to] defend and what costs are part of the limits of liability, decided before the state court lawsuit . . . is resolved.").

Finally, SES asserts that the fifth factor weighs in favor of declining jurisdiction because the State Action would provide an effective remedy "by permitting SES to pursue its claims of fact and law against the [defaulted] defendants in the state court action and, if SES is successful on its claims in the state court action," then the Plaintiff may seek to clarify its obligations "for any judgment obtained by SES." Docket No. 55, at p. 14. Importantly, SES implicitly acknowledges in this argument that the State Action will not resolve the issues set forth in this case. Indeed, SES ultimately requests that Plaintiff be forced to address the questions raised in this case at a later date so SES may continue against the defaulted parties in the State Action. The Tenth circuit has "'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment Act] is to provide'" a forum "'wherein insurance companies seek to have their liability declared.'" *Horace Mann Ins. Co. v. Johnson by and through Johnson*, 953 F.2d 575, 579 (10th Cir. 1991) (quoting *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (alterations in original). "It is unrealistic to require an insurance company to await lawsuit or judgment before allowing it to determine its obligations when a primary duty of

an insurer is to attempt to settle claims against its insureds." *Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Midland Bancor, Inc.*, 854 F. Supp. 782, 789 (D. Kan. May 26, 1994) (citing *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989)). Accordingly, the undersigned Magistrate Judge finds fifth factor weighs in favor of exercising jurisdiction.[5] As such, the undersigned Magistrate Judges finds jurisdiction over this matter should be retained and recommends Defendant SES's motion to dismiss be denied.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Sooner Emergency Services, Inc.'s Motion to Dismiss [Docket No. 55] be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

---

[5] In instances in which the underlying action may resolve critical issues of fact in the declaratory judgment action, courts find this fifth factor be neutral. *See Nationwide Affinity Ins. Co. of Am. v. Kalb*, 2022 WL 17735542, at *6 (D. Kan. Dec. 16, 2022). SES's motion to dismiss argues that the same facts and legal issues at issue in this action will be at issue in the State Action but does not identify exactly what issues overlap. Docket No. 55, at p. 24. Instead, SES primarily argues that Okla. Stat. tit. 47, § 11-1110(B)(2) requires "truck-tractors carrying cargo on the roadways of this state" to maintain liability insurance that covers the cost of cleanup of any substance spilled on the roadway, and that "non-trucking liability" insurance policies like the one at issue here, have often been invalidated. Docket No. 55, at p. 12-14. It remains unclear to the undersigned Magistrate Judge to what extent, if any, the terms of the insurance policy at issue here will be raised in the State Action. Regardless, even if the fifth factor were neutral, the undersigned Magistrate Judge finds that the *Mhoon* factors still weigh in favor of retaining jurisdiction over this action.

**IT IS SO ORDERED** this 13th day of August, 2025.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**