**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GREAT AMERICAN ASSURANCE CO., | ) ) | |
| Plaintiff, | ) ) | Case No. CIV-25-58-JFH-GLJ |
| v. | ) ) | |
| SOONER EMERGENCY SERVICES, INC., *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Great American Assurance Co. brings this action against Defendants Sooner Emergency Services, Inc. ("SES"), Clayton L. Beddingfield, ASVV Corp. ("ASVV"), Alpha Logistics Group, Inc. ("Alpha Logistics"), William Charles Allen, Scottlyn USA Division, Inc. ("Scottlyn USA"), Star Mutual Risk Retention Group ("Star Mutal"), and TT Club Mutual Insurance Limited ("TT Club") under the Declaratory Judgment Act, 28 U.S.C. § 2201. On July 2, 2025, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 58]. Before the Court now is Plaintiff's Motion for Summary Judgment with Brief in Support [Docket No. 66]. For the reasons set forth below the undersigned Magistrate Judge finds and recommends that the motion be GRANTED.

### I.     PROCEDURAL HISTORY

Plaintiff filed this action on March 5, 2025, requesting the Court declare an insurance policy it issued does not provide coverage for damages sought in an underlying state action. Docket No. 2. On April 28, 2025, Plaintiff filed an Amended Complaint. Docket No. 33. Defendants Clayton Beddingfield, ASVV, Alpha Logistics, William Charles Allen, Scottlyn USA, and TT Club, were served the summons, Complaint, and Amended Complaint but, to date, have not appeared in this action. Docket Nos. 18-23, 37-45, & 53-54. Defendant SES timely appeared by filing a motion to dismiss the Amended Complaint on April 15, 2025, which was denied on September 8, 2025. Docket Nos. 55, 60, & 61. However, following the denial of its motion to dismiss, Defendant SES did not file an answer. Despite being put on notice of this defect via Plaintiff's filings and during a telephonic status conference held on March 18, 2026, Defendant SES has not filed an answer to the Amended Complaint or, more appropriately, sought leave to file an Answer out of time to date. *See* Docket Nos. 72 & 75.

Plaintiff now moves for summary judgment on its claims and, despite never filing an answer to the Amended Complaint, Defendant SES has filed a response opposing the motion. On April 7, 2026, Plaintiff dismissed its claims against Defendants Scotlynn USA and TT Club Mutual without prejudice and, on May 6, 2026, dismissed its claims against Star Mutual.[1] As such, Plaintiff's claims against Defendants SES, Clayton Beddingfield, ASVV, Alpha Logistics, and William Charles Allen remain.

---

[1] Although Defendant Star Mutual did not timely appear in this action, counsel eventually entered an appearance on Star Mutual's behalf on September 9, 2025, and responded to Plaintiff's Motion for Summary Judgment on November 28, 2025. Star Mutual, like Defendant SES, never filed an

## II.     Preliminary Matters

As an initial matter Defendant SES objects to Exhibits 5 and 7 as attached to Plaintiff's Motion for Summary Judgment. "'At the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial,' but 'the content or substance of the evidence must be admissible.'" *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 999-1000 (10th Cir. 2019) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citations omitted); Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.")).

*Exhibit 5.* Exhibit 5 is a copy of the Official Oklahoma Traffic Collision Report prepared by the Oklahoma Highway Patrol. *See* Docket No. 66-5. Generally, "[i]n a civil case, police reports may be admissible as public records under [R]ule 803(8)(A)(ii) of the Federal Rules of Evidence." *Dorato v. Smith*, 108 F. Supp. 3d 1064, 1072 n. 6 (D.N.M. May 26, 2015). "Indeed, other courts have found that in civil cases . . . law enforcement reports are admissible . . . unless they are shown to be untrustworthy or inadmissible for other reasons." *United States ex rel. Barric v. Parker-Migliorini Int'l, LLC*, 79 F.4th 1262, 1274 (10th Cir. 2023).   Defendant SES, other than generally objecting to the general admissibility of the report, fails to expound on the basis for its objection and, thus, fails to demonstrate that Exhibit 5 is untrustworthy or inadmissible. Accordingly, the undersigned

---

answer or sought leave to file an answer to the Amended Complaint out of time. *See* Docket Nos. 64, 65, & 67.

Magistrate Judge finds Defendant SES's objection to Exhibit 5 of Plaintiff's Motion for Summary Judgment, should be overruled.

*Exhibit 7.* Exhibit 7 is a letter sent by Plaintiff to Defendants Beddingfield and Allen denying coverage under the insurance policy at issue and detailing its reasons for said denial. Defendant SES objects to the admissibility of Exhibit 7, arguing that it seeks to "establish a conclusory fact with no supporting evidence [and] also incorrectly asserts that Plaintiff has 'confirmed that ASVV or their Primary Liability Insurance carrier, Star Mutual, will provide the liability coverage for the loss.'" Docket No. 68, at p. 2, ¶ 9. Particularly, Defendant SES argues Exhibit 7 seeks to establish that Plaintiff's "investigation . . . revealed that at the time of the accident [Defendant Allen was] hauling road fiber under the dispatch of ASVV." Docket No. 68, at p. 2 n. 1; Docket No. 66-7, at p. 3. Plaintiff, in its reply brief, maintains that to the extent the letter is hearsay it is admissible under the business records exception and is not being presented for the truth of the matter asserted therein but solely for the fact that Plaintiff denied coverage. Docket No. 69, at p. 3. It is the objecting parties' burden to make its objection clear as the Court "need not imagine all possible grounds for an objection." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 960 (10th Cir. 1993). Although Plaintiff acknowledges the letter may constitute hearsay, Defendant SES does not object on this basis. The undersigned Magistrate Judge finds that Defendant SES fails to demonstrate that Exhibit 7 is untrustworthy or inadmissible; indeed, the "objections are so conclusory and lacking in analysis that they entirely fail to allege why 'the content or substance of the evidence' (or even the evidence as submitted) would not be admissible at trial."). *Stella v. Davis Cnty,*

2019 WL 460161611, at *3 (D. Utah Sept. 23, 2019). The undersigned Magistrate Judge thus finds and recommends Defendant SES's objection to Exhibit 7 of Plaintiff's Motion for Summary Judgment be overruled.

### III.     BACKGROUND

The undisputed facts in this case reflect that, on March 15, 2023, Defendant SES filed a Petition in Muskogee County, Oklahoma, seeking damages for cleanup and environmental services it provided following a motor vehicle accident ("State Action"). Docket No. 66-1, at p. 2, ¶ 10. Thereafter, Defendant SES filed three amended petitions, refining its allegations while adding and removing defendants. *See* Docket Nos. 66-2, 66-3, & 66-4. Ultimately, the Fourth Amended Petition, filed on September 12, 2024, asserted claims against Clayton Beddingfield, ASVV Corp., Alpha Logistics, William Charles Allen, Scotlynn USA, Star Mutual, and TT Club Mutual Insurance Limited. Docket No. 66, at p. 3, ¶ 1; Docket No. 33-2, at p. 1.[2] The Fourth Amended Petition alleges a tractor and flatbed trailer, owned by Defendant Beddingfield, leased to ASVV, and operated by William Allen, struck a fire truck that was responding to a multi-vehicle accident on September 14, 2022. Docket No. 66, at p. 3, ¶ 1; Docket No. 33-2, at p. 2, ¶ 10. As a result of the accident the tractor-trailer veered off the roadway and spilled its cargo of cellulose bags of "installation."[3] Docket No. 66, at p. 4 ¶ 1; Docket No. 33-2, at p. 3, ¶ 13. The cargo caught fire and was destroyed, requiring environmental removal and clean up services

---

[2] The Fourth Amended Petition is not attached as an exhibit to Great American's Motion for Summary Judgment. *See* Docket No. 66. However, Defendant SES does not dispute Plaintiff's statement of material facts as they pertain to the Fourth Amended Petition in the State Action.
[3] Defendant SES, in its State Action petitions, refers to the cargo as "bags of cellulose installation."

which were provided by SES. Docket No. 66 at p. 4, ¶ 1; Docket No. 33-2, at p.3, ¶¶ 14-20.

Prior to the accident, Plaintiff Great American Assurance issued a non-trucking liability insurance policy, NTL Policy No. ATP1818179/5 ("NTL Policy"), to Clayton L. Beddingfield, which provided coverage from July 7, 2022, to July 7, 2023. Docket No. 66, at p. 4, ¶ 3; Docket No. 66-6. The policy provides that Plaintiff will pay "all sums an **insured** legally must pay as **damages** because of **bodily injury** or **property damage** to which th[e] insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered auto." Docket No. 66-6, at p. 31 (bold in original).

However, the NTL Policy included a "trucking or business use" exception which excluded coverage for, "[b]odily injury or property damages arising out of an **accident** which occurs while the covered **auto** is being used in the business of any **lessee** *or* while the covered **auto** is being used to transport cargo of any type." Docket No. 66-6, at p. 34 (bold in original) (italics added).

> [T]he phrase "in the business of any lessee" means any of the following uses of the covered **auto**:
>
> a. For the benefit of or to further the interest of any **lessee** or when conducting business of any time;
>
> b. By any person or organization acting within the scope of employment by any **lessee**;
>
> c. By any person or organization acting under the direction control or dispatch of any **lessee**;
>
> d. While traveling to or from any location for the purpose of picking up, delivering or transporting cargo on behalf of any **lessee**; or

    **e.** While travelling between any location where the covered auto is **regularly garaged** and

        i. Any terminal or facility of any **lessee**, or

        ii. Any other location,

    **f.** While travelling from:

    (1) Any terminal or facility of any **lessee**, or

    (2) Any location at which the covered **auto** was present for the purpose of picking up, delivering or transporting cargo, to any location where the covered auto is **regularly garaged**.

Docket No. 66-6, at p. 34-35. Also pertinent here are the following definitions as defined in the NTL Policy:

**A. Accident** means an event that is unexpected and unintended from the standpoint of the **insured**. All continuous or repeated accidental exposure to substantially the same generally harmful conditions shall be deemed one and the same **accident.**

**B. Auto** means a land motor vehicle, **trailer** or semi-trailer designed for travel on public roads but does not include **mobile equipment**.

. . .

**D. Bodily Injury** means physical injury, sickness or disease sustained by a person, including death resulting from any of these.

. . .

**F. Damages** means money damages, demanded or awarded to compensate for harm. **Damages** does not include any punitive or exemplary damages,

fine, penalty, monetary sanction, disgorgement or restitution of money or

property, or cost of complying with equitable relief.

. . .

**L. Lessee** means any person or organization to whom a **covered auto** is

leased, rented or loaned. . . .

. . .

**N. Loss** means any direct and accidental loss or damage.

. . .

**R. Property damage** means damage to or destruction of tangible property,

including resulting loss of use of that tangible property.

. . .

**S. Suit** means a civil proceeding alleging **damages** because of b**odily injury**

or **property damage** to which this insurance applies. . . .

Docket No. 66-6, at pp. 43-44. (bold in original).

## IV.    LEGAL STANDARD

Summary judgment is appropriate if the record shows that "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  "A dispute is genuine when 'the evidence is such that a reasonable

jury could return a verdict for the nonmoving party,' and a fact is material when it 'might

affect the outcome of the suit under the governing [substantive] law.'" *Bird v. W. Valley*

*City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (alterations in original) (quoting *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), with the evidence taken in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

## V.     ANALYSIS

"An action for declaratory relief is appropriate to resolve coverage disputes between the insurer and the insured." *First Bank of Turley v. Fid & Deposit Ins. Co. of Md.*, 1996 OK 105, ¶ 14 n. 23, 928 P.2d 298, 304. "Liability insurance policies generally impose two duties on the insurer—the duty to defend and the duty to indemnify." *Above it All Roofing & Constr., Inc. v Sec. Nat'l Ins. Co.*, 285 F. Supp. 3d 1224, 1233 (N.D. Okla. 2018).

"Whether plaintiff owes a duty to defend or indemnify depends on interpretation of the [p]olicy." *Nautilus Ins. Co. v. Fantasia Hookah Lounge, LLC*, 2023 WL 7135649, at *5 (N.D. Okla. Oct. 30, 2023) (quoting *Scottsdale Ins. Co. v. Owl Nite Sec., Inc.*, 2006 WL 3742102, at *4 (N.D. Okla. Dec. 15, 2006)). The duty to defend, under Oklahoma law, is distinct from and more inclusive than the insurer's duty to indemnify. *First Bank of Turley*, 1996 OK 105, ¶ 13, 928 P.2d at 303. Even if coverage may ultimately not be provided, under Oklahoma law an "insurer has a duty to defend an insured whenever it ascertains the presence of facts that give rise to *the potential of liability* under the policy." *Id.* (italics in

original). "While broad, this duty to defend is evidently limited by the language of the policy; an insurer does not have a duty to defend, for example, 'if the claims in the underlying action fall within an exclusion from coverage.'" *Nautilus Ins. Co.*, 2023 WL 7135649, at * 4 (quoting *Scottsdale Ins. Co.*, 2006 WL 3742102, at *4). The duty to indemnify, however, is triggered "if the insured is held liable in the underlying action and if the policy provides coverage for the claims made against the insured." *Id.*

Under Oklahoma law, unambiguous insurance contracts are to be construed "in light of the language contained within the contracts' four corners." *First Am. Kickapoo Operations, LLC v. Multimedia Games, Inc.*, 412 F.3d 1166, 1173 (10th Cir. 2005). Where the terms are "unambiguous, clear, and consistent, they are to be accepted in their ordinary sense and enforced to carry out the expressed intention of the parties." *Roads W., Inc. v. Austin*, 2004 OK CIV APP 49, ¶ 21, 91 P.3d 81, 88. The Court is not to "create an ambiguity in the policy by 'using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on a provision[, and a] policy term will be considered ambiguous only if it [is] susceptible to more than one reasonable interpretation.'" *Boggs v. Great N. Ins. Co.*, 659 F. Supp. 2d 1199, 1205 (N.D. Okla. Sept. 11, 2009) (quoting *Wynn v. Avemco Ins. Co.*, 1998 OK 75, ¶ 17, 963 P.2d 572, 575 (Okla. 1998) & *Max True Plastering Co. v U.S. Fid. and Guar. Co.*, 1996 OK 28,  1996 OK 28, ¶ 19, 921 P.2d 861, 869 (Okla. 1996). Where the language is ambiguous the Court is to "apply well-settled rules of construction to determine the meaning of ambiguous language[, and] construe the policy to give a reasonable effect to all of its provisions, and . . . liberally construe words of inclusion in favor of the insured and strictly construe words of exclusion

-10-

against the insurer." *MTI v. Emps. Ins. Co. of Wausau*, 913 F.3d 1245, 1250 (10th Cir. 2019) (internal citations and quotation marks omitted).

"The first step in coverage analysis is to determine if the insuring agreement in the policy extends coverage to the damages sought to be recovered from the insured." *State Farm Fire and Casualty Co. v. Aberdeen Enterprizes II, Inc.*, 2020 WL 4550390, at *3 (N.D. Okla. Aug. 6, 2020) (citing *Dodson v. St. Paul Ins. Co.*, 812 P.2d 572, 377 (Okla. 1991)). If coverage applies, then it must be ascertained whether any exclusions apply. *Id.* The NTL Policy provides Plaintiff "will pay all sums an insured legally must pay as damages because of bodily injury or property damage . . . caused by an accident and resulting from the ownership, maintenance or use of a covered auto." Docket No. 66-6, at p. 31. (bold omitted). Property damage, as defined under the policy, "means damage to or destruction of tangible property, including resulting loss of use of that tangible property."

Plaintiff maintains that the damages sought by Defendant SES are not covered under the NTL Policy because SES seeks economic damages on an open account for services rendered—not property damages. Defendant SES argues that the damages it seeks in the State Action are the result of property damage such that the NTL Policy applies. SES further argues that Plaintiff's evidence and recitations of the NTL Policy provisions do not establish that the "auto" involved in the underlying accident was being used by an individual who was not insured under the NTL Policy, nor do they establish that the damages SES seeks do not constitute property damage under the NTL policy. Docket No. 68, at p. 5. However, whether Plaintiff has established that (i) the individual utilizing the auto does not qualify as an "insured" under the policy, or (ii) the damages SES seeks in the

-11-

State Action are "property damages" such that they are covered by the NTL Policy, is irrelevant. Indeed, assuming both of these facts in Defendant's favor, *i.e.*, assuming Defendant William Charles Allen does qualify as an "insured" under the policy and that the NTL Policy covers the damages SES seeks in the State Action, as discussed below Plaintiff has established the trucking or business use exception is applicable such that Plaintiff does not have a duty to indemnify or defend its insured.

*Trucking or Business Use Exception.* The NTL Policy excludes coverage "while the covered auto is being used in the business of any lessee *or* while the covered auto is being used to transport cargo of any type." Docket No. 66-6 (emphasis added). "Cargo" is not defined in the NTL Policy; however, Plaintiff maintains that Merriam-Webster "defines 'cargo' as 'the goods or merchandise conveyed in a ship, airplane, or vehicle (a/k/a 'freight')." Docket No. 66, at p. 7 n.7. Likewise, Black's Law Dictionary, defines "cargo" as "[g]oods transported by a vessel, airplane, or vehicle." *Black's Law Dictionary* (10th ed. 2014). Defendant SES argues that the term "cargo," as defined in this manner is broad and ambiguous and that the exclusion, viewed as a whole, focuses on whether the vehicle is being utilized for trucking or business use. Docket No. 68, at p. 5. The undersigned Magistrate Judge agrees that the term "cargo" is broad but does not find the business use exception of the NTL Policy ambiguous. *See Landry v. Great Am. Ins. Co.*, 2025 WL 2055563, at *3 (W.D. La. July 22, 2025) ("First, the Policy excludes coverage 'while the covered auto is being used in the business of any lessee *or* while the covered auto is being used to transport cargo of any type.' This disjunctive language in the policy provides two independent grounds for excluding an accident from the policy.) (emphasis in original);

*Great American Assur. Co v. Sanchuk, LLC*, 2012 WL 5306354, at * 6 (M.D. Fla. Oct. 26, 2012) (finding the trucking or business use exclusion at issue herein unambiguous under Florida Law); *Great Am. Assurance Co. v. Acuity*, 185 N.E.3d 124, 131 (Feb. 22, 2022) (same, applying Ohio law).

At the time of the accident—as alleged by Defendant SES in its underlying state court petitions (Docket Nos. 66-2, 66-3, & 66-4) and acknowledged in the Oklahoma Traffic Collision Report—Defendant Allen was transporting cargo, particularly bags of cellulose installation.[4] Docket No. 66-5, at p. 4 (noting "U3 struck falling cargo from U1" and identifying "U1" as being operated by William Allen.).[5] Given the plain and unambiguous language in the NTL Policy and the evidence submitted by Plaintiff in support of its motion for summary judgment, the undersigned Magistrate Judge finds there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law. Upon application of the NTL Policy's trucking or business use exclusion, a reasonable trier of fact could only reach one conclusion: no insurance coverage is available under the NTL Policy for any claims arising out of the September 14, 2022, accident because Defendant Allen was hauling cargo at the time of the accident.

---

[4] The Oklahoma Traffic Collision Report does not specify what type of cargo Defendant Allen was transporting but the state court petitions filed by Defendant SES maintain that it was cellulose installation.

[5] The Oklahoma Traffic Collision Report, also indicates that the vehicle utilized by Defendant Allen was being used for "commerce/business" as law enforcement completed a section which states, "[c]omplete the information below if this vehicle is being used for commerce/business and has a GVWR/GCWR in excess of 10,000 lbs., or has a hazmat placard, or is a bus with seating for nine or more including the driver." Docket No. 66-5, at p. 2. This section reflects that the carrier for the vehicle at the time of the accident was ASVV Corp. and that the vehicle was being used for interstate commerce. *Id.*

*Public Policy.* Lastly, Defendant SES argues that as a matter of public policy the "trucking or business use" exception of the NTL policy should be invalidated in light of Oklahoma's compulsory insurance law and Okla. Stat. tit. 47, § 11-1110(B). As the party seeking to void the terms of the NTL Policy, Defendant SES "bears the burden of proving that the contract violates public policy." *Eldridge v. Taylor*, 2014 OK 92, ¶ 14, 339 P.3d 888, 893.

"The State of Oklahoma has chosen to exercise its police power by enacting mandatory liability insurance laws. The regulation of motor vehicles on the highway is a legitimate exercise of the police powers of the state, pursuant to which the state may make all reasonable laws, rules, and regulations for the safety and protection of the public." *Tapp v. Perciful*, 2005 OK 49, ¶ 21, 120 P.3d 480, 484. As such, the Oklahoma Supreme Court has invalidated "clauses in liability insurance policies that attempt to deny coverage to an innocent third party [as] null and void to the extent of the minimum amount of liability coverage required by statute." *Id.* at ¶ 3, 120 P.3d at 481 (nullifying provision denying coverage while an insured's vehicle is being repaired by a car business because it "denies coverage to a class of insureds" and would "prejudice an innocent third and violate the intent of the compulsory liability insurance law[.]"). Relatedly, Okla. Stat. tit. 47, § 11-1110(B) provides, in pertinent part, that in the event of an accident resulting in injurious substances being dropped on the highway, "[t]he owner *or* insurer of the owner of the vehicle if the owner's insurance policy provides coverage for such expense, shall be responsible for the cost of removal of the vehicle and the glass or other injurious substance and any vehicle storage fees." (emphasis added). It further requires "[t]ruck-tractors

carrying cargo on the roadways of [Oklahoma to] maintain a commercial auto, farm and ranch, inland marine or cargo liability insurance policy that covers the cost of the cleanup of any substance that is spilled or otherwise deposited on the roadway or right-of-way[.]" Okla. Stat. tit. 47, § 11-1110(B).

The NTL Policy at issue is a non-trucking liability policy, which are often referred to as "bobtail" policies. "Generally, a 'bobtail' policy insures the tractor and driver of a rig when it is operated without cargo or a trailer." *Besic v. Citizens Ins. Co. of the Midwest*, 800 N.W.2d 93, 95 n.11 (2010) (quoting *Integral Ins. Co. v. Maersk Container Serv. Co., Inc.*, 520 N.W.2d 656 (1994)). For its argument that such insurance policies should be invalidated under Oklahoma law, Defendant SES cites to *R.E. Turner, Inc. v. Conn. Indem. Co.*, 925 F. Supp. 139, 149 (W.D.N.Y. 1996) in which the Western District Court for the District of New York found a non-trucking policy exclusion such as the one at issue here "invalid as against New York public policy as the operation of the exclusion would leave an injured party without recourse." 925 F. Supp. at 146. "New York law[, however,] creates an addition wrinkle for insurers issuing non trucking policies: the State has a statutory requirement that *all* insurance policies issued 'to the owner of any vehicle' must contain 'a provision for indemnity or security against the liability and responsibility' for 'death or injuries to person or property resulting from negligence in the use or operation of such vehicle.'" *United Fin. Cas. Co. v. Country-Wide Ins. Co.*, 779 F. App'x 761, 764 (2d Cir. 2019) (quoting N.Y. Vehicle and Traffic Law § 388(1), (4)).

Defendant SES has not pointed to any requirement under Oklahoma law that requires Plaintiff to condition its NTL Policy on the availability of other collectible liability

-15-

insurance. And, although Oklahoma courts have invalidated clauses in insurance policies that would act to deny coverage to an innocent third party, federal motor carrier regulations require carriers "to maintain minimum levels of insurance coverage such that the driving public is sufficiently protected from trucking accidents." *Clarendon Nat. Inc. Co. v. Medina*, 645 F.3d 928, 936 (7th Cir. 2011); 49 U.S.C. § 13906 ("The Secretary may register a motor carrier . . . only if the registrant files with the Secretary a bond, insurance policy, or other type of security approved by the Secretary[.] . . . The security must be sufficient to pay, not more than the amount of the security, for each final judgment against the registrant for bodily injury to, or death of, an individual . . . , or for loss or damage to property . . ., or both."). Defendant SES has not claimed such regulatory scheme here is inapplicable or that there is, in fact, no insurance coverage available for the damages it seeks in the State Action. Moreover, absent any guidance from the Oklahoma Supreme Court, the undersigned Magistrate Judge finds Defendant SES has not met its burden to establish that the "trucking or business use" exception contained in the NTL Policy is void under Oklahoma law. Indeed, Defendant SES fails to engage in any analysis detailing how the trucking or business use exception at issue in this case is analogous to the business exclusion[6] or other exclusions addressed in *Tapp* such that this Court should find the trucking or business use exception void. *See Lopez v. Western Surplus Lines Agency, Inc.*, 564 F. Supp. 3d 1082, 1100 (D.N.M. Sept. 30, 2021) (declining to find "bobtail exclusions"

---

[6] The "automobile business" exclusion at issue in *Tapp* excluded "liability coverage while an insured vehicle is being 'repaired, serviced or used by any person employed or engaging in any way in a car business.'" 2005 OK 49, ¶ 5, 120 P.3d at 481.

void under New Mexico law in light of federal motor carrier regulations and in the absence of guidance from the New Mexico Supreme Court.); *Conn Indem. Co v. Podeszwa*, 921 A.2d 458 ("A bobtail endorsement, such as the one provided here . . . must always exist in tandem with the commercial policy required by 49 U.S.C. § 13906(a)(1). Therefore, a truck driver whose negligence injures another driver will always have coverage regardless of whether he is using the truck in his business, as Perez was here, or whether he is using it for non-business purposes. Accordingly, upholding the validity of Connecticut's bobtail policy will wreak none of the 'havoc on the legislature's goal' of compensating injured third parties [.]").

The undersigned Magistrate Judge therefore finds Plaintiff has established, as a matter of law, that the accident and damages at issue in the State Action are not covered under the NTL Policy due to the trucking or business use exception. Thus, the undersigned Magistrate Judge finds Plaintiff has neither a duty to defend or indemnify as it relates to the State Action. *See Nautilus Ins. Co.,* 2023 WL 7135649, at * 4 ("[A]n insurer does not have a duty to defend . . . 'if the claims in the underlying action fall within an exclusion from coverage'") (quoting *Scottsdale Ins. Co.*, 2006 WL 3742102, at *4).

*Non-Appearing Defendants.* Although Defendants Clayton L. Beddingfield, ASVV Corp., Alpha Logistics Group, Inc., and William Charles Allen, are in default, rather than seeking default judgment against these Defendants, Plaintiff indicated during the Telephonic Status Conference held on March 18, 2026, that it seeks to have Summary Judgment entered against these individuals. In light of this, the Court entered a Minute Order directing (i) these non-appearing defendants to show cause by April 8, 2026, as to

why the undisputed facts in Plaintiff's Motion for Summary Judgment should not be deemed confessed, and (ii) Plaintiff to serve a copy of the Minute Order on these Defendants and certify as such. Docket No. 76. Plaintiff certified that a copy of the Minute Order was sent to the above Defendants on March 18, 2026, and none of these Defendants have appeared to date. Docket No. 76. Accordingly, the undersigned Magistrate Judge finds and recommends that Summary Judgment be granted in Plaintiff's favor against all Defendants. *See Nationwide Mut. Fire Ins. Co. v. Mitchel by and Through Seymour*, 911 F. Supp. 230, 235 (S.D. Miss. Oct. 31, 1995) (denying motion for default judgment as moot in light of the court's finding that Plaintiff met its burden to show no material issues of fact existed as to whether insurance policy exclusion applied); *Fifth Third Bank v. Fla. Caring Hands Corp.*, 2014 WL 12609868, at *1 (M.D. Fla. July 21, 2014) (noting "plaintiff is free to seek entry of summary judgment as opposed to default judgment.").

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff Great American Assurance Company's Motion for Summary Judgment with Brief in Support [Docket No. 66] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED** this 1st day of June, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

-18-